**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **HECTOR PERALTA-FERNANDEZ #A 226-169-662** | **CIVIL ACTION NO. 2:26-CV-00640 SEC P** |
| **VERSUS** | **JUDGE ALEXANDER C. VAN HOOK** |
| **WARDEN ALLEN PARISH PUBLIC SAFETY COMPLEX, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before the Court the original and amended PETITIONS FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Docs. 1, 7] filed by *pro se* Petitioner Hector Peralta-Fernandez ("Peralta-Fernandez"). Peralta-Fernandez was previously detained at the Allen Parish Public Safety Complex in Oberlin, Louisiana.

Because Peralta-Fernandez is no longer detained, the PETITION should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I. Background

Peralta-Fernandez is a native and citizen of Mexico. [Doc. 1 at 3]. According to the Executive Office for Immigration Review Automated Case Information System, Peralta-Fernandez was granted voluntary departure on May 12, 2026.[1] The Online Detainee Locator System indicates that Peralta-Fernandez is no longer detained.[2] Court staff has verified the accuracy of the online information— Peralta-Fernandez was deported.

[1] https://acis.eoir.justice.gov/en/caseInformation

[2] https://locator.ice.gov/odls/#/search

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Peralta-Fernandez is no longer detained, so the Court cannot grant the relief requested in the PETITION. Therefore, the case is moot.

## III. Conclusion

Because Peralta-Fernandez claim is moot, IT IS RECOMMENDED that the PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1] be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 29th day of July, 2026.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE